UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-25005-Civ-WILLIAMS/TORRES

SABRINA ZAMPA, individually, and as
guardian of her minor children J.M., a minor,
and J.M., a minor on behalf of themselves and
those similarly situated,

       Plaintiffs,

v.

JUUL LABS, INC., a Delaware corporation
f/k/a PAX LABS, INC. f/k/a PLOOM
PRODUCTS, INC., and PAX LABS, INC., a
Delaware corporation f/k/a PAX LABS
(DEUX), INC.,

       Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO TRANSFER

This matter is before the Court on JUUL Labs, Inc. ("Defendant" or "JUUL Labs") motion to transfer this action to the United States for the Northern District of California pursuant to the first-filed rule and 28 U.S.C. § 1404. [D.E. 15]. Sabrina Zampa and her minor children ("Plaintiffs") responded to Defendant's motion on January 2, 2019 [D.E. 17] to which Defendant replied on January 9, 2019. [D.E. 19]. Therefore, Defendant's motion is now ripe for disposition. After careful consideration of the motion, response, reply and relevant authority, and for the reasons discussed below, Defendant's motion is **GRANTED**.

1

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Defendant is a San Francisco-based company that design, manufactures, and markets nicotine devices as alternatives to cigarettes. On April 26, 2018, a class action was filed against Defendant in the Northern District of California. The named plaintiffs in the initial pleading (hereinafter, the "consolidated action") includes individuals from seven states, including California, Massachusetts, Michigan, New Jersey, New York, Pennsylvania, and Washington. The plaintiffs in the consolidated action seek to represent a nationwide class of "[a]ll persons who purchased, in the United States, a JUUL e-cigarette and/or JUULpods." [D.E. 23-1].

The plaintiffs included eleven causes of action against Defendant, including: (1) false advertising, (2) violation of the Consumer Legal Remedies Act, (3) fraud, (4) unfair, unlawful, and deceptive trade practices, (5) unjust enrichment, (6)  strict products liability for a failure to warn, (7) strict liability for a design defect, (8) strict liability for a manufacturing defect, (9) breach of the implied warranty of merchantability, (10) breach of express warranty, and (11) negligent misrepresentation. On August 28, 2019, the Court appointed Gutride Safier LLP and Migliaccio & Rathod LLP as interim lead counsel for the proposed nationwide class. The Court then issued an Order on September 27, 2018 that "[t]his Order shall apply to any subsequently filed putative class action alleging the same or substantially similar allegations." [D.E. 15- 1 at Exhibit 4].

Approximately seven months after the consolidated action was filed, Plaintiffs filed their complaint on November 5, 2018 in the Circuit Court for Miami-Dade County, Florida.  Plaintiffs seek to represent a class of "[a]ll residents of Florida who, at the time of their use of JUUL products, were under the age of 18, and who procured and used JUUL products," including a class of "all legal guardians" of the members of the first class.  [D.E. 1-4 at ¶¶ 32-33].  The primary allegation is that Defendant "falsely and deceptively advertise[d] JUUL e-cigarettes and JUULpods to Florida residents in unfair, unlawful, and fraudulent ways, especially marketing those products as safe, candy-like products to which minors are attracted, when they in fact contain more potent doses of nicotine than cigarettes, which makes them particularly addictive."  *Id.* at ¶ 19.  Plaintiffs' complaint includes seven causes of action: (1) false advertising, (2) fraud, (3) violation of Florida's Deceptive and Unfair Trade Practices Act, (4) unjust enrichment, (5) strict liability for a failure to warn, (6) negligence, and (7) negligence *per se*.

Plaintiffs served Defendants on November 19, 2018 and Defendants filed a notice of removal on November 30, 2018 asserting that removal was proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  Defendant filed its motion to transfer this case on December 19, 2018 [D.E. 15] and Plaintiff filed a competing motion to remand on December 28, 2018 for lack of subject matter jurisdiction. [D.E. 16].

## II. APPLICABLE PRINCIPLES AND LAW

### A. *The First-Filed Rule*

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013); *see also Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005) ("Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit."). This rule "not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Id.* The first-to-file rule was developed because "[c]ompeting lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results." *In re Checking Account Overdraft Litig.*, 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012).

"Applying the first-to-file rule requires evaluation of three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *Chapman v. Progressive Am. Ins. Co.*, 2017 WL 3124186, at *1 (N.D. Fla. July 24, 2017) (internal quotation marks and citations omitted). If the court finds that the first-to-file rule applies, the court must then determine whether the party objecting to jurisdiction in the first-filed forum has met its burden of

4

demonstrating that "compelling circumstances" support an exception to the rule. *See Chapman*, 2017 WL 3124186, at *1 (quoting *Manuel*, 430 F.3d at 1135); *see also Belacon Pallet Servs, LLC v. Amerifreight, Inc.*, 2016 WL 8999936, at *3–4 (N.D. Fla. Mar. 26, 2016). "Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping." *See Belacon Pallet Servs, LLC*, 2016 WL 8999936, at *4 (citation omitted). If the presumption holds, the district court can either stay, dismiss, or transfer the second-filed case to the forum in which the first-filed action is pending. *See Futurewei Tech., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 709 (Fed. Cir. 2013).

This rule is not meant to be rigid or inflexible but should be applied in a manner that best serves the interests of justice. *See Philibert v. Ethicon, Inc.,* 2005 WL 525330, at *1 (S.D. Fla. Jan. 14, 2005); *Carl v. Republic Sec. Bank,* 2002 WL 32167730, at *3 (S.D. Fla. Jan. 22, 2002). "Thus, while the forum where an action is first filed typically is given priority over subsequently-filed actions, it is appropriate to depart from the general rule when there is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action." *Philibert, 2005* WL 525330, at *1 (citing *Carl,* 2002 WL 32167730, at *3).

### B. *28 U.S.C. § 1404(a)*

Section 1404(a) is a statute that authorizes a civil action to be transferred to another district "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the

5

district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)). "Whether a transfer is appropriate depends on two inquiries: (1) whether the action 'might have been brought' in the proposed transferee court and (2) whether various factors are satisfied so as to determine if a transfer to a more convenient forum is justified." *Del Monte Fresh Produce Co. v. Dole Food Co.*, 136 F. Supp. 2d 1271, 1281 (S.D. Fla. 2001) (citing *Miot v. Kechijian,* 830 F. Supp. 1460, 1465–66 (S.D. Fla. 1993) (denying motion for transfer where above test was not met)).

The following factors are relevant in determining whether to transfer a case under section 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel*, 430 F.3d at 1135 (citing Gibbs & *Hill, Inc. v. Harbert Int'l, Inc.,* 745 F. Supp. 993, 996 (S.D.N.Y. 1990)). "The purpose of Section 1404(a) is not to shift inconvenience from a defendant to a plaintiff, nor is it to allow adjudication in a forum that is likely to prove equally convenient or inconvenient." *Rishell v. Computer Scis. Corp.*, 2013 WL 11834245, at *1 (M.D. Fla. July 24, 2013), *Report and Recommendation adopted*, 2013 WL 11836753 (M.D. Fla. July 30, 2013). As

such, the burden is on Defendant, as the movant, to establish that the Eastern District of Texas is a more convenient forum than Florida. *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).

### III.     ANALYSIS

#### A.     *Whether the Motion to Remand Should be Decided First*

Before we consider the merits of Defendant's motion to transfer, we must consider whether the pending motion to remand [D.E. 16] should be decided prior to the motion to transfer. [D.E. 15]. Plaintiffs argue that a motion to transfer requires the Court to establish subject matter jurisdiction in the first instance and that a motion to remand should take priority over a motion to transfer. While Plaintiffs do not rely on any authority in support of their two-sentence argument, Plaintiffs conclude that the Court lacks subject matter jurisdiction to transfer this case.

Plaintiffs' argument lacks merit because "there is no federal law or statute, or judicial decision, that requires this court to decide a motion to remand before it decides a motion to transfer." *Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1362 (M.D. Ala. 1998). Plaintiffs suggest that motions to remand are always decided prior to a motion to transfer, but many districts have done just the opposite. *See Allison v. Allstate Ins. Co.*, 1997 WL 31175, at *1 (W.D. La. Jan. 22, 1997) (noting that a motion to remand was pending in a transferred case); *Schouman v. Schouman*, 1996 WL 721195, at *5 (D. Mass. Dec. 10, 1996) ("I conclude that it is appropriate to transfer plaintiff Maureen Schouman's entire case, including the

pending motion to remand"); *Barnes v. Resolution Trust Corp.*, 1992 WL 19113, at *1 (D.D.C. 1992) (transferring case and noting that "plaintiff can challenge removal more easily and with far less expense in the transferee district"); *Lewis v. Resolution Trust Corp.*, 1992 WL 19248, at *1 (D.D.C. 1992) (same). Indeed, there is no bright-line rule as to which motion should be decided first as this determination depends, in large part, on the facts of each case and because remand law is federal law – meaning any district court can decide whether a case has federal jurisdiction. *See Friedman v. Purdue Pharma Co.*, 2004 WL 1376383, at *2 (D. Ariz. June 2, 2004) ("Courts have held that where there exists both a Motion to Remand and a Motion to Transfer, a court may decide them in any order.") (citing *Burse v. Urdue Pharma Co.*, 2004 WL 1125055, at *1 (N.D. Cal. May 3, 2004)).

With that being said, courts have generally decided motions to transfer in the first instance when there is another court that is already familiar with the issues to "ensure the efficient use of judicial resources." *Maxon v. Sentry Life Ins. Co.*, 2018 WL 3850011, at *2 (M.D. Fla. Apr. 11, 2018) (citation omitted). And given the facts of this case, the Northern District of California is most familiar with the issues presented because it has already consolidated several cases against Defendant for alleged violations of state and federal laws. Because the Northern District of California is intimately familiar with the issues presented and can dispose of a motion to remand (to the extent one remains viable), we proceed to the merits of Defendant's motion to transfer.

## B. *Whether the First-Filed Rule Applies*

Defendant argues that this case should be transferred because (1) it is duplicative of a nationwide class action pending in the Northern District of California and (2) the three factors that courts consider in determining whether to apply the first-filed rule (i.e. chronology, similarity of the parties, and similarity of the issues) weigh in its favor. Plaintiff's response is that none of the three factors favor transfer because there are no Florida-based causes of action or plaintiffs in the consolidated action.[1] Plaintiffs also claim that their proposed class is larger than the consolidated action because they seek to represent minors *and* parents as opposed to mere purchasers of Defendant's products. Therefore, Plaintiffs conclude that this case cannot be transferred because – although the consolidated action includes a proposed nationwide class – it has no connection to Florida.

The first factor cuts in Defendant's favor because the complaint in the consolidated action was filed in the Northern District of California on April 26, 2018 – seven months *prior* to the pleading in this case. The consolidated action is therefore more procedurally advanced because (1) the parties have already served initial disclosures and written discovery requests, (2) the court has appointed interim class counsel, and (3) the consolidated action has incorporated at least two other actions that involve identical or substantially similar claims, including one case was initially filed in this district on October 10, 2018. Therefore, given the

---

[1] This argument is unavailing because plaintiffs in the consolidated action recently filed an amended class action complaint on January 25, 2019 [D.E. 23-1] that specifically includes Florida-based causes of action and Florida-based plaintiffs.

9

advanced procedural posture of the consolidated action as compared to this case, it is in the interests of judicial economy for this case to be transferred.

The second factor favors transfer because the parties are substantially similar in that JUUL Labs is the same defendant in this case and the consolidated action. While the named plaintiffs are not the same, this is inconsequential because "[i]n a class action, the classes, and not the class representatives, are compared." *Ross v. U.S. Bank Nat'l Ass'n*, 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008). When viewed in that lens, the proposed class in the consolidated action includes the Plaintiffs in this case because the former is broad in scope: "[a]ll person who purchased, in the United States, a JUUL e-cigarette and/or JUULpods." [D.E. 21-1 at ¶ 296]. The consolidated action also proposes several subclasses and incorporates Florida statutes with respect to consumer deception, implied warranties, express warranties, negligent marketing, and consumer unfairness. Plaintiffs contend that this case is distinguishable, however, because they also seek to represent a class of guardians. But, claims on behalf of the guardians are derivative of the claims filed on behalf of the minors and – to the extent the current subclasses are inadequate – there is nothing that prevents the proposal of an additional subclass in the consolidated action. Accordingly, the parties are substantially similar, and the second factor weighs in favor of transfer.

The final factor cuts in favor of transfer because – while the issues are not identical – there is substantial overlap between this case and the consolidated action. *See W. Gulf Maritime Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast*

*Dist. of ILA, AFL-CIO*, 751 F.2d 721, 730 (5th Cir. 1985) (explaining that issues need not be identical, but where there is substantial overlap between the two suits, the first-filed action takes priority). Both complaints allege, for example, that Defendant falsely and deceptively advertised e-cigarettes and that Defendant marketed those products as safe even though the nicotine was more addictive than its competitors. And at least six of the seven causes of action in Plaintiffs' complaint are in the consolidated action. While Plaintiffs suggest that there may be one or two issues that are absent in the consolidated action, "the existence of additional claims alone does not . . . justify[] divergence from the first-filed rule . . . ." *Nat'l Beverage Corp. v. Energy Brands, Inc.*, 2008 WL 11333336, at *4 (S.D. Fla. Aug. 14, 2008). "Indeed, in a class action situation such as this, it would be impossible for the claims to overlap exactly where the actions are brought in different states, and the purpose of the rule would be defeated. There would be nothing to stop plaintiffs in all 50 states from filing separate nationwide class actions based upon their own state's law." *Catanese v. Unilever*, 774 F. Supp. 2d 684, 689 (D.N.J. 2011). Therefore, the issues are substantially similar, and the third factor weighs in favor of transfer.

With the first-to-file presumption established, the burden shifts to Plaintiffs to offer rebuttal evidence of compelling circumstances that warrant this case to remain before this Court. Plaintiffs' response fails, however, to present any compelling circumstances. In fact, Plaintiffs only spend two pages with respect to the first-filed rule and the remaining pages in opposition to Defendant's motion to

transfer pursuant to 28 U.S.C. § 1404. Accordingly, with the presumption established and no argument presented in favor of any compelling circumstance as an exception to the first-filed rule, Defendant's motion to transfer this action to the Northern District of California is **GRANTED**.[2]

### IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's motion to transfer is **GRANTED**.[3]  [D.E. 15]

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of April, 2019.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

[2]  Because this case should be transferred pursuant to the first-filed rule, we need not consider Defendant's argument pursuant to 28 U.S.C. § 1404.

[3]  It is well established that the undersigned Magistrate Judge has the authority, under 28 U.S.C. 636(b)(1)(A), to dispose of motions to transfer venue, as such a ruling has a non-dispositive effect on the litigation. *See, e.g.*, *McEvily v. Sunbeam-Oster Co.*, 878 F. Supp. 337, 340 (D.R.I. 1994); *see also O'Brien v. Goldstar Technology, Inc.*, 812 F. Supp. 383, 384 (W.D.N.Y. 1993). Under the Court's Local Rules and section 636(b), however, a party has the right to appeal a non-dispositive Order to the District Judge, who may then review any objections under a clearly erroneous standard, or – if she chooses – under a *de novo* standard. The undersigned will, therefore, not direct the Clerk to transfer this case to allow Plaintiffs five (5) days to file at least a notice with the Clerk that they intend to appeal this Order with the District Judge.